In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; JUAN CARLOS PALAU, Respondent. [54 NYS3d 332]—

Per Curiam. Respondent was admitted to practice by this Court in 2003 and lists a business address in Colombia with the Office of Court Administration. This Court suspended respondent from the practice of law in New York in 2014 due to conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1046 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moves for his reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises,

---

by correspondence from its Chief Attorney, that it does not oppose the motion.

Respondent's application demonstrates that he has complied with the order of suspension and this Court's rules. Further, upon reading respondent's affidavit and the correspondence in response by petitioner's Chief Attorney, we are satisfied that respondent has the requisite character and fitness for the practice of law, and that it would be in the public's interest to reinstate him to practice in New York (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, respondent's motion for reinstatement is granted, and he is reinstated to the practice of law in New York, effective immediately.

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that the motion for reinstatement by respondent is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.